# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BAHAA H., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6739 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Bahaa H. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying his application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff applied for benefits on July 20, 2015, alleging a disability onset date of January 4, 2014. (R. 65.) His application was denied initially and on reconsideration. (R. 74, 85.) Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on October 2, 2017. (*See* R. 28-64.) In a decision dated January 19, 2018, the ALJ found that plaintiff was not disabled. (R. 13-23.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 15.) At step two, the ALJ determined that plaintiff has the severe impairments of "degenerative disc disease and a history of cervical spine fracture." (R. 16.) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity

of a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the residual functional capacity ("RFC") to perform sedentary work with certain exceptions. (R. 16, 22.) At step five, the ALJ found that there are a significant number of jobs in the national economy that plaintiff can perform, and thus he is not disabled. (R. 22-23.)

Plaintiff contends that the ALJ erred in rejecting the opinion of plaintiff's treaters, Dr. Schaffer and Nurse Practitioner Margarita Kos. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).

Among other things, Dr. Shaffer opined that plaintiff cannot walk "for a long time," he is unable to "sit upright for prolonged periods due to neck pain," and he has "problems using upper extremities more than occasionally." (R. 467-68.) The ALJ credited Dr. Schaffer's opinion about plaintiff's walking limitation but said:

> [T]he rest of [the doctor's] statement is not consistent with the overall record. The claimant's physical exam signs and nerve testing does [sic] not show any numbness, abnormal sensation, or weakness to support the upper extremity limitations assed [sic] by Dr. Schaffer. The record does not show that the claimant is unable to sit for prolonged periods. Indeed, he often reports spending most of his day sitting down, and he was able to sit in a regular office chair for about 40 minutes during his hearing. . . . The evidence indicates [Dr. Shaffer] last saw the claimant in April 2016, when she felt the claimant could manage his pain with home exercises. Her suggested treatment plan is inconsistent with her opinion statement.

(R. 21.)

The record does not support the ALJ's assessment. With respect to the upper extremity limitation, the record shows that plaintiff had a normal EMG and nerve conduction study in December 2015. (R. 487.) Nonetheless, it also shows that plaintiff repeatedly complained of pain and numbness in his arms and was diagnosed with cervical radiculopathy (R. 692, 730, 756-57, 762-63, 772-73, 778-79, 784-85, 798, 804, 810, 818), a condition that "may cause pain that radiates into the shoulder, as well as muscle weakness and numbness that travels down the arm and into the hand." *See* https://orthoinfo.aaos.org/en/diseases--conditions/cervical-radiculopathy-pinched-nerve/ (last visited July 15, 2019). As for the sitting limitation, the record shows that plaintiff sits most of the day, but he does so leaning back with his neck propped on a pillow (R. 39-40), a qualification the ALJ neglected to mention. Finally, the ALJ's last statement, that Dr. Schaffer "last saw the claimant in April 2016, when she felt the claimant could manage his pain with home exercises," mischaracterizes the record. The evidence shows that Dr. Schaffer's most recent exam of plaintiff occurred on January 18, 2017. (R. 466.) Moreover, the record does not show that Dr. Schaffer said exercise would manage plaintiff's pain. Rather, it shows that plaintiff told Ms. Kos that Dr. Schaffer had not recommended "anything specific or new" for his pain except home exercise. (R. 480.) In short, the ALJs assessment of Dr. Schaffer's opinion is not supported by substantial evidence.

The ALJ's assessment of Ms. Kos's opinion is also flawed. Ms. Kos opined that plaintiff has chronic neck pain that "markedly impact[s] . . . [his] ability to sustain concentration and attention, resulting in frequent failure to complete tasks," would increase if he returned to work, and makes him unable to engage in full-time employment. (R. 446.) The ALJ rejected this opinion because: (1) "[a] statement that a claimant cannot work is reserved for the Commissioner;" (2)

"Ms. Kos is not acceptable medical source;" (3) her opinion was inconsistent with plaintiff's medical records; (4) Ms. Kos kept plaintiff on a "conservative treatment regimen"; and (5) Ms. Kos encouraged plaintiff to be more physically active. (R. 21.)

The first reason is sound, *see Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) ("Under the Social Security regulations, the Commissioner is charged with determining the ultimate issue of disability."),[1] but the remaining ones are not. The fact that Ms. Kos is not an acceptable medical source, *see* 20 C.F.R. § 404.1502(a)(7) (stating that acceptable medical sources include a "Licensed Advanced Practice Registered Nurse, or other licensed advanced practice nurse with another title . . . *only with respect to claims filed . . . on or after March 27, 2017*") (emphasis added), means that her opinion is not entitled to controlling weight, not that it should be given no weight at all. *See* 20 C.F.R. § 404.1527 (stating that an ALJ must evaluate opinions from treaters who are not acceptable medical sources in accordance with the same factors applicable to acceptable medical source opinions). Moreover, though Ms. Kos's records consistently note that plaintiff was "alert, oriented, and cooperative" (R. 21), they also consistently state that "[p]ain negatively impact[s]" plaintiff's ability to concentrate and function (*see, e.g.*, R. 481, 763-64, 773-74, 780, 786, 800, 806, 812, 819-20), evidence that the ALJ was required to, but did not, address. *See Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) ("We have repeatedly held that although an ALJ does not need to discuss every piece of evidence in the record, the ALJ may not analyze only the evidence supporting her ultimate conclusion while ignoring the evidence that undermines it."). Further, Ms. Kos only treated plaintiff with medication because more aggressive treatment modalities—surgery, injections, spinal cord stimulation, radio frequency ablation—had failed. (*See* R. 352, 703, 799.) Finally, the ALJ does not explain how Ms. Kos's recommendation that

---

[1] It is also a sound reason for the ALJ's rejection of the only opinion about plaintiff's limitations rendered by Dr. Espinosa, that plaintiff "is incapacitated and unable to work as a truck driver." (R. 465.)

5

plaintiff become more active impugns her opinion that plaintiff's pain impacts his ability to sustain concentration and attention. In short, the ALJ's assessment of Ms. Kos's opinion is not supported by substantial evidence.[2]

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [17], denies SSA's motion for summary judgment [25], reverses the SSA's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                   **ENTERED:   July 17, 2019**


*M. David Weisman*
―――――――――――――――――
**M. David Weisman
United States Magistrate Judge**

---

[2] Plaintiff also challenges the ALJ's RFC determination. Because that determination is intertwined with the assessment of the medical evidence, it will have to be revisited on remand as well.